UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: NANCY J DEABATE            CASE NO. 16-11730; SEC A
                                                           CHAPTER 13

## MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO THE DEBTOR AND NON-FILING CO-DEBTOR AS TO THE PROPERTY LOCATED AT 22186 STRAIN ROAD, MANDEVILLE, LA 70471

The motion of U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR NRZ INVENTORY TRUST, AS SERVICED BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Mover"), a secured creditor, respectfully represents:

1.

The Debtor in the above entitled and numbered case filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on July 21, 2016.

2.

This Honorable Court has jurisdiction over this matter pursuant to the provisions of inter alia 11 U.S.C. 362 and 28 U.S.C. 157 and 1334.

3.

Mover is the entity entitled to enforce an Adjustable Rate Note ("note") in the original principal amount of $204,600.00, dated May 24, 2003, executed by Nancy Deabate and Shannon A. Dardar (non-filing co-debtor), and secured by a mortgage, recorded at Instrument #: 1409397, in the records of St. Tammany Parish, Louisiana, affecting the following described property located in Mandeville, Louisiana:

ALL THAT CERTAIN LOT OR PARCEL OF LAND, and all the rights, ways, means, privileges, servitudes, prescriptions appurtenances and advantages thereunto belonging or in anywise appertaining thereto, situated in the SUBDIVISION OF MANDABITA, which is a subdivision of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of Section 19, Township 7 South, Range 12 East, Greensburg Land District, St. Tammany Parish, Louisiana, more fully described according to map and plat of survey of E.J. Champagne, Surveyor of said-Subdivision dated May 28, 1954, being Map File No. 126A and more fully described according to map and plat of survey of Fred L. Tilley, Surveyor, dated October 1, 1981 as follows, to wit:

Being all of Lot 19 and ten feet (10') more or less of Lot 18 of said Subdivision of Mandabita, more fully described according to map and plat of survey hereinabove referred to as follows, to-wit:

From the quarter section corner common to Section 19, Township 7 South, Range 12 East, and Section 24, Township 7 South, Range 11 East, go South 89 degrees 45 minutes East 1346.4 feet; thence go South 00 degrees 45 minutes West 584.0 feet; thence go North 84 degrees 28 minutes East 416.75 feet to an iron corner on the South line of the right of way of Strain Road and the point of beginning of the property herein described. Thence continue along the South line of the right of way of Strain Road, North 84 degrees, 28 minutes East, 134.5 feet to an iron corner, being the Northeast corner of said Lot 19; thence continue along the South line of the right of way of Strain Road, North 84 degrees, 28 minutes East, 10.05 feet to an iron corner; thence go South 00 degrees 40 minutes East 777.7 feet to an iron corner; thence go South 89 degrees 28 minutes West 10.0 feet to an iron corner, being the Southeast corner of Lot 19; thence continue South 89 degrees 28 minutes West 134.4 feet to an iron corner and the corner of a fence; thence go North 00 degrees 43 minutes East along the fence line 765.1 feet to an iron corner heretofore set as the point of the beginning.

bearing the municipal address of 22186 Strain Road, Mandeville, Louisiana 70471.

4.

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

5.

By virtue of this mortgage on the property described above, Mover is the holder of a secured claim against the Debtor for all the amounts of principal, interest and all other advances provided by the mortgage and applicable law including attorney's fees and costs.

6.

The Debtor's original Chapter 13 Plan was filed with this Honorable Court on July 21, 2016; and a first Amended Chapter 13 Plan was filed with this Honorable Court on December 02, 2016, and Order signed by this Honorable Court confirming the Debtor's Plan, as modified, dated December 07, 2016, and a Modified Chapter 13 Plan was filed with this Honorable Court on July 14, 2017, and an Modified Chapter 13 Plan was filed with this Honorable Court on January 25, 2018, and an Modified Chapter 13 Plan was filed with this Honorable Court on July 6, 2018.

7.

Pursuant to the confirmed Chapter 13 Plan, the Debtor is to pay to Mover directly the regular monthly mortgage payments.

8.

The Debtor has defaulted on the Chapter 13 plan which was confirmed on December 07, 2016, by failing to pay the monthly payments when due. The Debtor filed bankruptcy on July 21, 2016 making the first post petition payment due on August 01, 2016. Creditor should have received forty (40) payments through the date of this affidavit; however, Creditor has received sufficient funds to apply twenty-four (24) payments. The Debtor is delinquent on post-petition arrearages for the months of August 1, 2018 through December 1, 2018 on the direct monthly mortgage payments of $1,656.32 each, and for the months of January 1, 2019 through June 1, 2019 on the direct monthly mortgage payments of $1,668.19 each, and for the months of July 1,

2019 through September 1, 2019 on the direct monthly mortgage payments of $1,668.18 each, and for the months of October 1, 2019 through date on the direct monthly mortgage payments of $1,892.64 each, less unapplied funds of $1,407.02.

9.

The post-petition delinquency of the Debtor's account represents a material default under the terms of the confirmed Chapter 13 Plans, as amended, constituting cause, and providing a basis for relief from the automatic stay pursuant to the provisions of 11 U.S.C.A. § 362 (d) (1) of the United States Bankruptcy Code.

10.

The Creditor has attached hereto a copy of an affidavit establishing the debt owed, as well as a post-petition payment history.

11.

For the foregoing reasons, Mover requests that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby.

WHEREFORE, MOVER PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. 362(a) as to the estate of the Debtor and Non-Filing Co-Debtor so to allow Mover to enforce any and all rights it has in respect to the property described in Paragraph (3) herein via state court foreclosure proceedings or otherwise.

MOVER FURTHER PRAYS:

(I) that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby;

(II) that it be relieved from the provisions of Bankruptcy Rule 3002.1(b) and (c) requiring Creditor to supplement its proof of claim with notices regarding future payment changes and post petition fees and costs;

(III) that any order of relief entered directs the Trustee to not make any further payments on the secured claim after entry of the order;

(IV) that the right to file an amended unsecured claim for any deficiency is reserved;

(V) that it be permitted to contact Debtor and/or Debtor's Counsel for the purpose of engaging in discussions and consideration of loss mitigation options, solutions and/or resolutions including, but not limited to, a sale of the subject property by the Debtors if agreed to by Movant for payment less than an amount necessary for full payoff of the residential mortgage loan account, deed in lieu of foreclosure, loan modification or other loss mitigation alternatives.

DEAN MORRIS, L.L.C.
1820 Avenue of America
P. O. Box 15270
Monroe, LA 71207-5270
(318) 388-1440

/S/ Jason R. Smith
ATTORNEY FOR CREDITOR