UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: NANCY J. DEABATE           CASE NO: 16-11730, SEC. A

CHAPTER 13

**INTERESTED PARTY'S OBJECTION TO TRANSFER
AND NOTICE OF APPEARANCE**

Now into Court comes, Shannon A. Dardar, in proper person, respectfully requests that this Honorable Court submits this response to Doc. 130, "Transfer of Claim 4 Transferor: U.S Bank National Association as Trustee for NRZ Inventory Trust, as serviced by Nationstar Mortgage LLC d/b/a Mr. Cooper to Transferee: U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust."

1.

Nancy J. DeAbate, the debtor, filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code in the above entitled and numbered case on July 21, 2016.

2.

This Honorable Court has Jurisdiction over the property which I co-own in this matter and I am an interested party.

3.

Mrs. DeAbate entered into the subject mortgage dated May 24, 2003, for the property located in Mandeville, Louisiana.

4.

Mrs. DeAbate is presently current on the mortgage account.

5.

In 2016, Judge Magner acknowledged that debtor's counsel had to file a proof of claim on behalf of the creditors because they did not file a proof of claim and, when they did file, the trustee disallowed what the filing because it was untimely. Judge Magner accepted the proof of claim that was filed by Attorney DeLeo.

6.

There were modifications to the Chapter 13 plan by this Honorable Court. One of those modifications was placing $48,000.00 into the Chapter 13.

7.

SN Servicing Corporation, through its counsel, JACKSON & McPHERSON, L.L.C. did not attach a copy of the mortgage instrument. As noted previously, Nationstar Mortgage, LLC did not possess the mortgage instrument. The former creditor's affidavit stated that the mortgage instrument has been lost, misplaced or destroyed and cannot be located. (Doc. 112-2).

8.

U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust should have no rights superior to those of U.S Bank National Association as Trustee for NRZ Inventory Trust, as serviced by Nationstar Mortgage LLC d/b/a Mr. Cooper in administration of the proof of claim by the U.S. Trustee.

9.

Interested party sent correspondence to SN Servicing Corporation on June 4, 2020 objecting to the amount claimed of $306,496.68. Appearer objects to the extent that Transferor's interest in the mortgage is not $306,496.68 and the assignment or transfer of such an amount in incorrect. See attached Declaration and attached correspondence.

Friday, August 21, 2020

Respectfully,

Shannon A. Dardar, in proper person
22186 Strain Rd. (mailing address)
Mandeville, La. 70471
(985) 373-5984

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF LOUISIANA

IN RE: NANCY J. DEABATE  CASE NO: 16-11730, SEC. A

**CHAPTER 13**

### DECLARATION OF SHANNON A. DARDAR

**BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in and for the State of Louisiana, came and appeared:

**SHANNON A. DARDAR**

who, after being duly sworn, did depose and state that:

1.

She is a person of full age of majority and has personal knowledge of the contents herein.

2.

The statements made in the interested party's response are true and correct to the best of her knowledge and belief.

_____
Shannon A. Dardar

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 21ST DAY OF
AUGUST, 2020.

_____
NOTARY PUBLIC

WILLIAM J. JUNG III
Notary Public, ID# 140599
Bar No. 35855
State of Louisiana
My Commission is issued for Life.

Thursday, June 04, 2020

Shannon A. Dardar
22186 Strain Rd.
Mandeville, LA 70471

SN Servicing Corporation
Customer Service Department
323 5th Street
Eureka CA 95501

Loan Number: ▓▓▓▓601
DB/Ocwen Loan number ▓▓▓▓737
Collateral 22186 STRAIN ROAD, MANDEVILLE LA

Dear Sir or Madam:

I am in receipt of your May 26, 2020 notice correspondence in compliance with the Fair Debt Collection Practices Act. Please note that Nancy Deabate, my co-debtor, is subject to a § 362 bankruptcy stay and is represented by her counsel, Robin R. DeLeo. I object to the amount of the debt that SN Servicing is claiming as of the date of your letter, and thereafter, because your record erroneously indicates that the total amount of secured debt as claimed by Igloo Series IV Trust is $306,496.68.

The validity of the amount of the debt was written down by the Bankruptcy Court for the Eastern District of Louisiana in Case Number 16-11730 on May 9, 2017 because the bankruptcy trustee, S. J. Beaulieau, objected to the untimely proof of claim filed in the case by Deutche Bank/ Ocwen. The proof of claim in the amount of $324,887.17 was disallowed. Subsequently, the court upheld that the amount of the debt allowed was $40,000 on July 14, 2017. Thereafter, the plan was modified again by the Court on August 3, 2018 and the amount of the debt allowed was set at $16,614.20.

Therefore, the amount that you are claiming for $306,496.68 is in error and is not valid. My attached interested party memorandum to the court documents the reasons that I believe that the amount claimed to be error and the problems we had with servicing the loan. Thereafter, Igloo Series IV Trust acquired the loan. Please copy me directly with all future communications that SN Servicing or its bankruptcy attorneys direct to my mother's bankruptcy counsel, Mrs. Robin R. DeLeo.

Sincerely yours,

Shannon A. Dardar

Enclosures: Order disallowing claim
First modified bankruptcy plan
Third modified bankruptcy plan
Order
Memorandum